58 CCPA

**John J. BYRNE and Robert W. Cruger, Appellants,**

v.

**William E. TRIFILLIS, Appellee.**

**Patent Appeal No. 8504.**

United States Court of Customs and Patent Appeals.

June 3, 1971.

James H. Tilberry, Meyer, Tilberry & Body, Cleveland, Ohio, attorneys of record, for appellants.

Nicholas E. Oglesby, Jr., Wilmington, Del., for appellee.

1. For "Energy Absorber Unit", issued June 30, 1964, on an application filed May 5, 1962.

2. For "Aircraft Retarding System", filed May 19, 1964.

Before RICH, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Board of Patent Interferences awarding priority as to all remaining counts in Interference No. 94,778 to Trifillis, the junior party.

The counts in issue, 1, 3, 4 and 5, correspond to claims 2, 6, 4 and 5, respectively of Trifillis patent No. 3,139,249,[1] copied in modified form in application Serial No. 368,519 [2] by appellants Byrne and Cruger. That application is concededly entitled to the benefit of the filing date of its parent application,[3] filed prior to appellee's filing date. No testimony was taken and the sole issue is whether the board erred in holding that appellants' application does not support the counts.

Before us, appellants submitted the case on brief and appellee submitted on the record.

## THE INVENTION

Appellee's patent discloses airplane arresting apparatus including a cable or loop extended across a landing surface for engagement by a portion of an airplane as it lands. Each end of the cable is wound around one of two integrally formed drums of a two-drum reel to which a brake is operatively connected. The brake is of the fluid type, comprising an impeller coupled to the reel and disposed in a housing containing a liquid. As the cable is extended and the reel rotated thereby, the action of the impeller in the liquid produces a controlled braking action tending to stop the airplane which is landing. A retrieve unit, in the form of a fluid driven turbine, is also connected to the reel for rewinding the cable thereon.

3. Serial No. 123,527, filed July 12, 1961, and issued as Patent No. 3,142,458, on July 28, 1964.

Counts 1 and 4 are exemplary of the invention in issue:

1. An energy absorber unit comprising a compound reel, said reel having two integrally formed aligned winding drums, a loop formed from a coilable linear element, each end of the loop wound on one of the drums so as to leave an extended center arrest loop portion, said loop being reeved across a landing surface, a housing and liquid immersed impeller means in the housing operatively coupled to said reel during payout of said linear element ends therefrom, said impeller means rotating in said housing against the resistive action of liquid therein to retard the rotation of said reel caused by the unwinding of said ends of the loop from said aligned winding drums of the reel when the said loop is placed under load.

4. An energy absorber unit comprising a reel, said reel having aligned winding drums, a loop formed from a coilable linear element and having each end of the loop wound on one of the drums so as to leave an extended center arrest loop portion, said loop being reeved across a landing surface, a fluid brake operatively coupled to said reel, said brake being operated to retard the rotations of said reel caused by the unwinding of said ends of the linear element loop from said aligned winding drums of the reel when the said loop is placed under load, and a retrieve unit for winding the respective arrest loop ends onto said aligned drums, said retrieve unit including a fluid powered turbine drivably coupled to said reel to rotate the same in a reverse direction to the direction of rotation thereof during linear element payout independently of said brake.

## APPELLANTS' DISCLOSURE

Appellants' application is directed to aircraft arresting apparatus [4] which includes a loop that extends across the runway for engagement by an airplane in landing, a reel to which the ends of the loop are attached, brake means for providing resistance to the rotation of the reel as the loop is being extended during a landing operation, and retrieve means for driving the reel to return the loop to its original position. The application discloses different specific structures for certain of these elements in what it designates as various embodiments of the invention.

While it is unnecessary to reproduce any of the figures of the drawings in this opinion, consideration must be given to the relationships of certain of those figures to the more pertinent "embodiments" which appellants describe. Thus, Figure 1 shows what is described as a view of the "general organization" of the invention; Figures 2, 3, 4 and 5 are described as showing different views directed to "a preferred embodiment"; Figure 7 is stated to show "another embodiment", and Figures 12 and 13 are said to be views "showing the use of a water brake in another preferred embodiment."

The general organization of the invention illustrated in Figure 1 includes broadly the combination of elements specified above but does not reveal the details of the elements. It does disclose a jet turbine connected to the reel, and states that the turbine drives the reel in launching operations.

Turning to the first "preferred embodiment" of Figures 2, 3, 4 and 5, Figure 2 shows a schematic view of an overall system. The loop is disclosed as having each end wound upon one drum of a two-drum reel. The drums are designated 22A and 22B and are described as "coupled with an over-running clutch 22C to permit differential angular velocity between the two spools" (or drums). The arrangement allowing one drum to rotate faster than the other is described as important during off-center arrest-

---

4. The application additionally discloses operation of the apparatus in a reversal of the arresting process to facilitate launching an airplane but that feature requires no detailed discussion here.

ments because it results in self-compensating adjustments to the center of the runway. Figure 2 additionally shows a brake, of the friction-type, operatively connected to each drum to provide a controlled resistance to unwinding of the loop. Also disclosed is a rewind motor, for which it is stated "a jet turbine 2 such as shown in FIGURE 1 could be substituted." Figure 4, which is not described except for being identified as a front elevational view of "the launching and arresting engine shown in FIGURE 3", also shows a reel including two aligned drums designated 22A and 22B spaced by a member designated 22C. Additionally, Figure 4 shows what conventional drawing practice would indicate is a key securing the two drums 22A and 22B rigidly to a shaft running therethrough. Figure 5 illustrates the arresting system generally and also shows a reel with two coaxial drums 22A and 22B coupled by the over-running clutch 22C disposed therebetween.

The embodiment illustrated in appellants' Figure 7 differs from the first "preferred embodiment" primarily in that it uses a single drum reel with both ends of the loop wound thereon. A brake assembly is operatively connected to each side of the drum.

The embodiment of Figures 12 and 13 is said to "employ the principles of a water brake for the same purposes as set forth and described heretofore with respect to the embodiments of FIGURES 2 and 7". The brake of Figures 12 and 13 comprises an impeller operatively attached to a single-drum reel and providing a braking effect by its action on water in a housing in which it is disposed.

## THE BOARD'S DECISION

The board first found that the question whether appellants' application supported the recitation of a reel having "two *integrally formed* aligned winding drums" (emphasis ours) in count 1 was properly before it. Thereafter ruling on the merits, it held that there was no support for that recitation.

As to all four counts, the board found (1) that "no structure illustrated as a complete combination in any of the figures of * * * [appellants'] drawing" supports the language of the counts, and (2) that "the specification (description and drawings)" of appellants, considered "*as a whole*" "does not sufficiently point out or so clearly teach one skilled in the art following it that he would necessarily produce a complete structural combination" that provides clear and adequate support for the counts.

## OPINION

■ At the outset, appellants urge that, while appellee did bring a motion to dissolve the interference, his motion did not raise the question of support for the "two integrally formed aligned winding drums" recitation in count 1 as was necessary to entitle him, under the provisions of Patent Office Rule 258, to have the question considered by the board. However, the motion did assert that count 1 was not supported and it referred specifically to the quoted expression with regard to the embodiments of Figure 7 and Figures 12 and 13. Also, the examiner referred to this expression in his decision on motion and a decision on reconsideration. Under the circumstances, we do not think it controlling that appellee did not specifically assert that "integrally formed aligned winding drums" were not disclosed *anywhere* in the application. Appellants were adequately advised that the question of support for the expression was in issue and the matter therefore was properly considered by the board.

■ As to the merits of this issue, appellants have only the apparent showing, without any description, of a key connecting drums 22A and 22B in Figure 4 to rely on for a disclosure of two aligned drums that are "integrally formed". As already noted, these drums are spaced by an element designated 22C, which the specification describes as an over-running clutch. In this respect, the Figure 4 showing corresponds to ev-

ery other showing of the drums and clutch in the figures directed to the same Figure 2 embodiment. That *described* showing of a clutch connection is obviously inconsistent with any inference of integrally formed drums that might be drawn from the *undescribed* showing of a key. A person skilled in the art following appellants' application would be certain to find it to disclose that the two drums of Figure 4 are interconnected by an over-running clutch. We do not think, however, that he would also necessarily find a disclosure of "integrally formed" drums. Compare Jepson v. Coleman, 314 F.2d 533, 50 CCPA 1051 (1963); Brand v. Thomas, 96 F.2d 301, 25 CCPA 1053 (1938). Therefore, the decision awarding priority as to count 1 to Trifillis is affirmed.

Turning to counts 3, 4 and 5, we note that the question is not whether appellants' application fails to disclose any particular element thereof but instead is whether there is any basis for combining certain elements from embodiments which are disclosed in order to come up with support for the combinations these counts recite. Count 4 defines the most comprehensive combination, and one which, so far as the issues are concerned, is inclusive of the combinations defined in counts 3 and 5. Thus, a finding that count 4 is supported will compel reversal of the award of priority as to all these counts.

Recalling appellants' explicit statement that the jet turbine of Figure 1 may be substituted for the rewind motor shown in Figure 2, it is apparent that the only material respect in which the embodiment of Figure 2 resulting from that modification fails to support count 4 is in the use of friction brakes instead

of fluid brakes for the reel.[5] The board found as a fact that appellants' "description does not *explicitly* state anywhere that the water brake of the embodiment shown in Figs. 12 and 13 may be substituted for the friction brakes * * * in the combinations as shown in any of the other figures of the drawing." (Emphasis ours). While such finding is undeniably correct, we think the board's position puts entirely too restricted an interpretation on the language of the application, and particularly on the aforementioned reference to figures 13 and 14 as illustrating an embodiment "in which we employ the principles of a water brake for the same purposes as set forth and described heretofore with respect to the embodiments of Figures 2 and 7." No reason being apparent why a substitution of the water brake would not be operable, we think this statement constitutes a clear and unequivocal disclosure of that substitution to a person of ordinary skill in the art. The issue is not, as might be inferred from the board's opinion, whether one following appellants' specification would necessarily "produce" or select the particular combination of the counts for his own use. Rather, it is whether he would necessarily recognize that such a combination was *disclosed* as a construction which might be selected if desired. The present application clearly discloses an alternative construction embodying the combination of count 4. Consequently, it supports that count and also the less limited combinations of counts 3 and 5.

The decision of the board is affirmed as to count 1. As to counts 3, 4 and 5, the decision is reversed.

Modified.

5. The fact that the count requires only *a* brake whereas appellants' *Figure 2* system employs two brakes is, of course, not significant to the question of support due to the use of the word "comprising" in the count.